UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

UNITED STATES OF AMERICA,

                - against -                         MEMORANDUM & ORDER
                                                                    04-CR-159 (NGG)

VLAD GOLDENBERG,

                                                                     **NOT FOR PUBLICATION**

                Defendant.

-----------------------------------------------------X

GARAUFIS, United States District Judge.

      Defendant Vlad Goldenberg ("Goldenberg") moves for reconsideration of this court's Memorandum & Order, dated April 4, 2005, which denied Goldeneberg's motion for post-trial relief pursuant to Rule 33 of the Federal Rules of Criminal Procedure. ("April 4, 2005 M&O"). Familiarity with the April 4, 2005 M&O is presumed. For the reasons set forth below, Goldenberg's motion for reconsideration is denied.

      While there is no specific rule governing criminal motions to reconsider, see, e.g., United States v. James, No. 02-CR-778, 2005 U.S. Dist. LEXIS 40695, at *3-*4 (E.D.N.Y. Dec. 6, 2005), "a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure." United States v. Gigante, 971 F. Supp. 755, 758 (E.D.N.Y. 1997). Fed. R. Civ. P. 59(e) and Local Rule 6.3 permit a civil motion for reconsideration, and I shall permit one here; however, the Second Circuit instructs that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Goldenberg first urges the court to "revisit" the portion of the April 4, 2005 M&O which held that the holding of Dura Pharmaceuticals v. Broudo, 544 U.S. 336 (2005), is inapplicable in the criminal securities fraud context. Goldenberg points the court's attention to United States v. Schlisser, Slip Op., 2006 WL 452005 (2d Cir. 2006), and argues that Schlisser "reflect[s] an acceptance of [Dura's] applicability to both civil and criminal cases." (Def. Letter dated April 12, 2006, at 1). As a preliminary matter, Goldenberg's citation of Schlisser violates the Second Circuit rule prohibiting citation to unpublished opinions. See 2d Cir. R. 0.23. To the extent that Schlisser stands for the proposition that Goldenberg asserts it does, the case has no precedential value because it is unpublished. Moreover, Schlisser does not lead me to alter my previous conclusion regarding the applicability of Dura in the criminal context. Schlisser does not hold that Dura applies in a criminal case, but only acknowledges "the uncertainty at this time as to whether a criminal 10b violation requires an actual reliance charge." Schlisser, 2006 WL 452005, at *3. Schlisser cites to Dura only for the proposition that the securities fraud statute, Rule 10b-5, has been "interpreted in the civil context to require actual reliance." Id. (citing Dura, 544 U.S. at 336). Goldenberg's motion for reconsideration of this court's prior decision concerning the applicability of Dura to the defendant's case is denied.

Goldenberg also re-argues in the instant motion for reconsideration his objections to the court's consciousness of guilt charge to the jury, and to the Government's summation. Goldenberg points to no new "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the

court." Shrader, 70 F.3d at 257.

Accordingly, Goldenberg's motion for reconsideration is hereby DENIED.


SO ORDERED.

Dated: May 5, 2006                           _____ /s/_____
       Brooklyn, N.Y.                     Nicholas G. Garaufis
                                           United States District Judge